UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 04 2010
Clerk, U.S. District and
Bankruptcy Courts

| | | |
|---|---|---|
| Craig, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 10 0689 |
| Defense of Marriage Act et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Craig (no last name) has filed an application to proceed without prepayment of fees and a pro se complaint. The application will be granted and the complaint will be dismissed for lack of standing.

Craig, who identifies himself in the caption as "a Prisoner of Faith in the Saint Elizabeth Prison Hospital," brings this suit against the federal government, the Congress, the Department of Justice, and two defendants that are non sui juris, an Act of Congress and the "Religious Right." Complaint at 1. Posing a hypothetical, Craig posits that if he should marry a man, and if they should travel to New York City, and if his partner becomes very sick, then, because of the Defense of Marriage Act, Craig would have no "spousal rights to save the life of [his] husband." *Id.* ¶ 3. As relief, he seeks $3 million each for himself, his fiancé and his best man, and $9 trillion for his deceased mother's project for innocent boys and girls. *Id.* at 3.

A federal court is limited by the Constitution to considering matters that present a case or controversy. U.S. Const. art. III, § 2. Standing is one of the justiciability doctrines that has developed to give meaning to Article III's case or controversy requirement. *Nat'l Treas.*



*Employees Union v. United States,* 101 F.3d 1423, 1427 (D.C. Cir. 1996). A question of Article III standing is a question of subject matter jurisdiction. *See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982) ("Subject matter jurisdiction, then, is an Art. III as well as a statutory requirement[.]") Article III standing requires, among other things, that a plaintiff have suffered an injury in fact, which is an invasion of a legally protected interest that is concrete, particularized, and actual or imminent rather than conjectural or hypothetical. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992). In this case, Craig's anticipated injury is based on a future hypothetical that is too speculative and distant to meet the requirements for standing. Accordingly, this complaint will be dismissed for lack of subject matter jurisdiction.

A separate order accompanies this memorandum opinion.

Date: April 26, 2010

United States District Judge